IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARON F. PETTY, ET AL.<br><br>Plaintiffs<br><br>vs.<br><br>MARY SPRINGOWSKI, ET AL.<br><br>Defendants | CASE NO. 1:22-cv-00458-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>MAGISTRATE JUDGE WILLIAM BAUGHMAN<br><br>**ANSWER OF DEFENDANTS MARY SPRINGOWSKI, CORY SHAWVER AND JOSHUA THORNSBERRY TO PLAINTIFFS' COMPLAINT** |

* * * *

NOW COME Defendants Mary Springowski, Cory Shawver and Joshua Thornsberry ("Defendants"), by and through counsel, and in answer to Plaintiffs Garon F. Petty and Jeanne Petty's Complaint ("Plaintiffs' Complaint") state as follows:

### RESPONSE TO "INTRODUCTION"

1. Defendants admit the Plaintiffs filed the Complaint, but deny each and every other allegation set forth in paragraph 1 of Plaintiffs' Complaint.

2. Defendants deny each and every allegation set forth in paragraph 2 of Plaintiffs' Complaint.

### RESPONSE TO "FIRST CLAIM"

3. Defendants deny each and every allegation set forth in paragraph 3, First Claim of Plaintiffs' Complaint.

4. Defendants deny each and every allegation set forth in paragraph 4, First Claim of Plaintiffs' Complaint.

5. Defendants deny each and every allegation set forth in paragraph 5, First Claim of Plaintiffs' Complaint.

6. Defendants deny each and every allegation set forth in paragraph 6, First Claim of Plaintiffs' Complaint.

7. To the extent paragraph 7, First Claim of Plaintiffs' Complaint asserts factual allegations directed against the Defendants, Defendants deny each and every allegation contained therein.

8. To the extent paragraph 8, First Claim of Plaintiffs' Complaint asserts factual allegations against the Defendants, Defendants deny each and every allegation contained therein.

9. To the extent paragraph 9, First Claim of Plaintiffs' Complaint asserts factual allegations against the Defendants, Defendants deny each and every allegation contained therein.

10. Defendants deny each and every allegation set forth in paragraph 10, First Claim of Plaintiffs' Complaint.

11. Defendants deny each and every allegation set forth in paragraph 11, First Claim of Plaintiffs' Complaint.

12. Defendants deny each and every allegation set forth in paragraph 12, First Claim of Plaintiffs' Complaint.

13. Defendants deny each and every allegation set forth in paragraph 13, First Claim of Plaintiffs' Complaint.

14. Defendants deny each and every allegation set forth in paragraph 14, First Claim of Plaintiffs' Complaint.

15. Defendants deny each and every allegation set forth in paragraph 15, First Claim of Plaintiffs' Complaint.

**RESPONSE TO "SECOND CLAIM"**

16. Defendants incorporate each and every admission and denial set forth in the preceding paragraphs as if fully rewritten herein.

17. Defendants deny each and every allegation set forth in paragraph 2, Second Claim of Plaintiffs' Complaint.

18. Defendants deny each and every allegation set forth in paragraph 3, Second Claim of Plaintiffs' Complaint.

19. Defendants deny each and every allegation set forth in paragraph 4, Second Claim of Plaintiffs' Complaint.

20. Defendants deny each and every allegation set forth in paragraph 5, Second Claim of Plaintiffs' Complaint.

21. Defendants deny each and every allegation set forth in paragraph 6, Second Claim of Plaintiffs' Complaint.

22. Defendants deny each and every allegation set forth in paragraph 7, Second Claim of Plaintiffs' Complaint.

23. Defendants deny each and every allegation set forth in paragraph 8, Second Claim of Plaintiffs' Complaint.

24. Defendants deny each and every allegation set forth in paragraph 9, Second Claim of Plaintiffs' Complaint.

25. Defendants deny each and every allegation set forth in paragraph 10, Second Claim of Plaintiffs' Complaint.

26. Defendants deny each and every allegation set forth in paragraph 11, Second Claim of Plaintiffs' Complaint.

27. Defendants deny each and every allegation set forth in paragraph 12, Second Claim of Plaintiffs' Complaint.

## RESPONSE TO "THIRD CLAIM"

28. Defendants incorporate each and every admission and denial set forth in the preceding paragraphs as if fully rewritten herein.

29. To the extent Paragraph 14, Third Claim of Plaintiffs' Complaint accurately sets forth 42 USC § 1983, it speaks for itself and needs no admission or denial.

30. Defendants deny each and every allegation set forth in paragraph 15, Third Claim of Plaintiffs' Complaint.

31. Defendants deny each and every allegation set forth in paragraph 16, Third Claim of Plaintiffs' Complaint.

## RESPONSE TO "FOURTH CLAIM"

32. Defendants incorporate each admission and denial set forth in the preceding paragraphs as if rewritten herein.

33. Defendants deny each and every allegation set forth in paragraph 2, Fourth Claim of Plaintiffs' Complaint.

34. Defendants deny each and every allegation set forth in paragraph 3, Fourth Claim of Plaintiffs' Complaint.

35. Defendants deny each and every remaining allegation not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

36. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

37. Plaintiff Garon F. Petty is a limited purpose public figure and, therefore, his conduct, activity and behavior are of public concern.

38. To the extent any Defendant ever made any statement concerning the Plaintiff Garon F. Petty, and Defendants do not admit any were made, those statement were made without malice, without knowledge of any falsity and without reckless disregard for the truth and, therefore, are privileged under the Constitution of the United States and the State of Ohio.

39. To the extent any Defendant ever made any statement concerning the Plaintiff Garon F. Petty, and Defendants do not admit any were made, those statement were made without negligence or other fault on the part of any Defendant and are therefore privileged under the Constitution of the United States and the State of Ohio.

40. Any statement made by the Defendants which is the subject of Plaintiffs' Complaint is not actionable because it is not libelous, slanderous, defamatory or disparaging, and reports a matter of public concern.

41. Any statement which is the subject of Plaintiffs' Complaint constitutes opinion and, therefore, is privileged under the Constitution of the State of Ohio.

42. Any statement which is the subject of Plaintiffs' Complaint is true and/or substantially true in every respect material to Plaintiff Garon F. Petty.

43. Any statement which is the subject of Plaintiffs' Complaint was published in good faith, and in the belief that it was true, without malice, under Constitutional and/or common law, and without the intent to injure Plaintiff Garon F. Petty.

44. Plaintiff has suffered no damage, special or otherwise, as a result of any statement which is the subject of Plaintiffs' Complaint.

45. Any statement which is the subject of Plaintiffs' Complaint is protected as privileged under the Doctrine of Neutral Reportage.

46. Any statement which is the subject of Plaintiffs' Complaint is protected by the Ohio Common Law Privilege for Fair Comment.

47. Plaintiffs' defamation claim is barred by the "innocent construction rule."

48. Plaintiffs' defamation claim is barred by the Doctrine of Incremental Harm.

49. Any statement which is the subject of Plaintiffs' Complaint does not rise to the requirement of extreme or outrageous conduct committed intentionally or recklessly as a matter of law.

50. Any damage to Plaintiff Garon F. Petty was directly and proximately caused by his own acts and not by any statement which is the subject of Plaintiffs' Complaint.

51. Any alleged defamatory statement regarding Plaintiff Garon F. Petty is protected by the attorney client and/or attorney work product privilege.

52. Any alleged defamatory statements regarding Plaintiff Garon F. Petty are protected by public interest privilege.

53. Plaintiff Garon F. Petty's claims are barred in whole or in part, by the statute of limitations.

54. Any statement which is the subject of Plaintiffs' Complaint is privileged pursuant to Section 12, Article 11 of the Ohio Constitution and Section 6, Article 1 of the United States Constitution known as the Speech and Debate Clause.

55. Plaintiffs' claims are barred by the doctrine of unclean hands.

56. Plaintiffs' Complaint is barred by the doctrines of official capacity immunity, governmental immunity, political subdivision immunity, sovereign immunity, and any other immunity afforded to Defendants under the laws of the State of Ohio or federal law.

57. Defendants are immune to liability under the doctrine of absolute privilege immunity.

58. Defendants are immune to liability under the doctrine of qualified privilege immunity.

59. Defendants are immune to liability pursuant to Ohio's political subdivision immunity law, codified in Ohio Revised Code Chapter 2744, *et seq*.

60. Defendants reserve the right to add additional defenses.

WHEREFORE, Defendants Mary Springowski, Cory Shawver and Joshua Thornsberry pray that this Court dismiss Plaintiffs' Complaint in its entirety, with prejudice. Defendants further pray that they recover from Plaintiffs the costs, fees, and expenses, including reasonable attorney fees they incurred in defending Plaintiffs' Complaint.

Respectfully submitted,

*/s/ Richard D. Panza*
Richard D. Panza (No. 0011487)
E-mail RPanza@WickensLaw.com
Matthew W. Nakon (No. 0040497)
E-mail MNakon@WickensLaw.com
Malorie A. Alverson (No. 0089279)
E-mail MAlverson@WickensLaw.com
Docket E-mail Docket@WickensLaw.com
WICKENS HERZER PANZA
35765 Chester Road
Avon, OH 44011-1262
(440) 695-8000 (Main)
(440) 695-8098 (Fax)

AND

Patrick D. Riley, Esq.
Joseph T. LaVeck, Esq.
City of Lorain
200 West Erie Avenue, 3rd Floor
Lorain, OH 44052-1600
E-mail: lavecklaw@gmail.com

ATTORNEYS FOR DEFENDANTS, MARY SPRINGOWSKI, CORY SHAWVER AND JOSHUA THORNSBERRY

## PROOF OF SERVICE

        This is to certify that a copy of the foregoing Answer of Defendants Mary Springowski, Cory Shawver and Joshua Thornsberry to Plaintiffs' Complaint has been sent via the Court's electronic filing system, on this 28th day of March, 2022, to:

Robert J. Gargasz, Esq.
Robert J. Gargasz Co., L.P.A.
1670 Cooper Foster Park Road
Lorain, OH 44053-3658
E-mail: rjgargasz@gmail.com

                                      */s/ Richard D. Panza*
                                      Richard D. Panza
                                      Matthew W. Nakon
                                      Malorie A. Alverson