IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT COURT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARON PETTY, et al. | CASE NO. 1:22-CV-00458 |
| Plaintiffs, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | **DEFENDANT CITY OF LORAIN'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| MARY SPRINGOWSKI, et al. | |
| Defendants. | |

Now comes Defendant City of Lorain (hereinafter, "Defendant City"), by and through counsel, and state as their Answer to Plaintiffs' Complaint as follows:

1. Defendant City admits Plaintiffs filed the Complaint, but specifically denies the remaining allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Defendant City denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.

*As to the First Claim*

3. Defendant City denies the allegations contained in paragraph 3 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

4. Defendant City denies the allegations contained in paragraph 4 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

5. Defendant City denies the allegations contained in paragraph 5 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

6. Defendant City denies the allegations contained in paragraph 6 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

7. Defendant City denies the allegations contained in paragraph 7 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

8. Defendant City denies the allegations contained in paragraph 8 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

9. Defendant City denies participation in the alleged conspiracy contained in paragraph 9 of Plaintiffs' Complaint, and specifically denies the rest of the allegations contained in paragraph 9 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

10. Defendant City denies the allegations contained in paragraph 10 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

11. Defendant City denies the allegations contained in paragraph 11 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

12. Defendant City denies the allegations contained in paragraph 12 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

13. Defendant City denies the allegations contained in paragraph 13 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

14. Defendant City denies the allegations contained in paragraph 14 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

15. Defendant City denies the allegations contained in paragraph 15 of Plaintiffs' Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

*As to the Second Claim*

16. Defendant City denies the allegations incorporated by reference in paragraphs 1 through 15 of Plaintiffs' Complaint as such allegations are denied in paragraphs 1 through 15 of its Answer as if fully rewritten herein.

17. Defendant City denies the allegations contained in paragraph 2 of the Second Claim of Plaintiffs' Complaint.

18. Defendant City denies the allegations contained in paragraph 3 of the Second Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

19. Defendant City denies the allegations contained in paragraph 4 of the Second Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

20. Defendant City denies the allegations contained in paragraph 5 of the Second Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

21. Defendant City denies the allegations contained in paragraph 6 of the Second Claim of Plaintiffs' Complaint.

22. Defendant City denies the allegations contained in paragraph 7 of the Second Claim of Plaintiffs' Complaint.

23. Defendant City denies the allegations contained in paragraph 8 of the Second Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

24. Defendant City denies the allegations contained in paragraph 9 of the Second Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

25. Defendant City denies the allegations contained in paragraph 10 of the Second Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

26. Defendant City denies the allegations contained in paragraph 11 of the Second Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

27. Defendant City denies the allegations contained in paragraph 12 of the Second Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

*As to the Third Claim*

28. Defendant City admits and denies the allegations incorporated by reference in paragraphs 1 through 27 of Plaintiffs' Complaint as such allegations are admitted and denied in Paragraphs 1 through 27 of its Answer as if fully rewritten herein

29. Defendant City admits that paragraph 14 of Plaintiffs' Complaint appears to be an edited restatement of 42 U.S.C. § 1983 and does not warrant an admission nor denial.

30. Defendant City denies the allegations contained in paragraph 15 of the Third Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

31. Defendant City denies the allegations contained in paragraph 16 of the Third Claim of Plaintiff's Complaint for want of information sufficient to form a belief as to the truth of the matter asserted therein.

*As to the Fourth Claim*

32. Defendant City admits and denies the allegations incorporated by reference in paragraphs 1 through 31 of Plaintiffs' Complaint as such allegations are admitted and denied in Paragraphs 1 through 31 of its Answer as if fully rewritten herein

33. Defendant City denies the allegations contained in paragraph 2 of the Fourth Claim of Plaintiffs' Complaint.

34. Defendant City denies the allegations contained in paragraph 3 of the Fourth Claim of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES**

1. Defendant City states that Plaintiffs' claims are barred by governmental immunity.

2. Defendant City states that Plaintiffs' Complaint fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P 12(b)(6).

3. Defendant City states that Plaintiffs' claims are barred, as Plaintiffs have not suffered damages.

4. Defendant City states Plaintiffs' claims are barred, as there is no causal relationship between the allegations in Plaintiffs' Complaint and Plaintiffs' alleged injuries.

5. Defendant City states part or all of Plaintiffs' defamation claims are barred under Ohio law from failing to file the claims within the applicable statute of limitations.

6. Defendant City reserves the right to assert such additional defenses, including but not limited to affirmative defenses as may be applicable to Plaintiffs' claims based upon facts discovered in the prosecution of this cause.

**WHEREFORE**, Defendant City prays that Plaintiffs' Complaint be dismissed, and that it goes hence without cost or delay.

Respectfully submitted,

/s/ Joseph T. LaVeck
Patrick D. Riley, Esq (0006642)
City of Lorain Law Director
Joseph T. LaVeck, Esq (0092326)
Assistant Law Director
200 West Erie Ave., 3rd floor
Lorain, Ohio 44052
T: (440) 204-2250
F: (440) 204-2257
E: joseph_laveck@cityoflorain.org

*Counsel for Defendant City of Lorain*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March 2022, a copy of the foregoing Defendant City of Lorain's Answer to Plaintiffs' Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

| | |
|---|---|
| Robert J. Gargasz (0007136) | Richard D. Panza (0011487) |
| 1670 Cooper Foster Park Road | Matthew W. Nakon (0040497) |
| Lorain, OH 44053 | Malorie A. Alverson (0089279) |
| P: (440) 960-1670 | WICKENS HERZER PANZA |
| F: (440) 960 1754 | E: RPanza@WickensLaw.com |
| E: rjgargasz@gmail.com | E: MNakon@WickensLaw.com |
| | E: MAlverson@WickensLaw.com |
| | 35765 Chester Road |
| *Counsel for Plaintiffs* | Avon, Ohio 44011 |
| | P: (440) 695-8000 |
| | F: (440) 695-8098 |
| | |
| | *Counsel for Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry* |

Respectfully submitted,

/s/ Joseph T. LaVeck
Patrick D. Riley, Esq (0006642)
City of Lorain Law Director
Joseph T. LaVeck, Esq (0092326)
Assistant Law Director
200 West Erie Ave., 3rd floor
Lorain, Ohio 44052
T: (440) 204-2250
F: (440) 204-2257
E: joseph_laveck@cityoflorain.org

*Counsel for Defendant City of Lorain*