IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF OHIO
EASTERN DIVISION

GARON PETTY, et al.,

            Plaintiffs,

vs.

MARY SPRINGOWSKI, et al.,

Defendants.

CASE NO. 1:22-CV-00458

JUDGE CHRISTOPHER A. BOYKO

MAGISTRATE JUDGE
WILLIAM BAUGHMAN

**Plaintiff Garon F. Petty's Motion Under Federal Civil Rule 56 to Establish Liability of Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry For Liability for Defamation "Per Se" and for violation of plaintiff's civil rights.**

Plaintiffs Garon F. Petty and Jeanne Petty hereby move pursuant to Federal Civil Rule 56 that this Court to establish the liability of Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry For Defamation "Per Se".

The Affidavit of Plaintiff Garon F. Petty as is attached hereto and establishes the Libel and "Per Se" defamatory communications maliciously made by defendants and published to others with an intent to harm Plaintiff Garon F. Petty and in an effort to deny him his Constitutional Rights: First Amendment Rights of Freedom of Speech and his associated Rights under Article I of the Bill of Rights of the Ohio Constitution.

A Memorandum in Support is attached hereto and fully incorporated by reference herein. The Court may take judicial notice of documents filed in any state court action. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) ("Courts may take judicial notice of proceedings in other courts of record.") (quoting *Granader v. Pub. Bank, AM* F.2d 75, 82-83 (6th Cir. 1969)).

1

Robert J. Gargasz Co., L.P.A.

By: _____

Robert J. Gargasz, Esq. (0007136)
Attorney for Plaintiffs
Garon F. Petty and Jeanne Petty
1670-C Cooper Foster Park Road
Lorain, OH   44053
(440) 960-1670 / fax (440) 960-1754
email: rjgargasz@gmail.com

### Memorandum in Support

Plaintiffs, Garon F. Petty and Jeanne Petty, filed suit against defendants to prevent further

injury and damage to the reputation of Plaintiff Garon F. Petty by defendants and to end the

Constitutional violations being committed against him. This motion seeks to establish the liability

of these state actors defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry, who

while acting individually and within the scope and course of their respective elective positions and

as authorized agents and officials of the Defendant The City of Lorain, Ohio, have acted against

and maliciously spoke against the plaintiff Garon F. Petty accusing him of various crimes

punishable by jail time and declared him a violator of crimes citing various criminal statutes.

Defendants have accused plaintiff by libelous and defamatory publications of his voyeurism,

harassment, being unhinged and having an unhealthy obsession with Mary Springowski, and in

declaring he be investigated for crimes. Defendants libeled and slandered him as they accused him

in written communications of crimes and maliciously called him a criminal without any factual

basis claiming he violating criminal statutes, engaging in various criminal behaviors, and they

deliberately used false and defamatory words and innuendo publishing the same amongst the

community, social media, and Council: Defendants Mary Springowski, Cory Shawver, and Joshua

Thornsberry have maliciously accused plaintiff Garon F. Petty without factual basis of violating

R.C. Sections 2917.21, 2903.21, 2903.211, stalking women, being dangerous to their personal

2

safety, claiming his criminal offensive behavior has been witnessed at council meetings and has been seen on social media. Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry goals by this campaign of libel, slander, and the culmination of defamation of such falsely claimed concerning behavior as promoted by defendants in their behaviors was to retaliate against plaintiff and to deprive plaintiff Garon F. Petty of his First Amendment Rights of Freedom of Speech and his associated Rights under Article I of the Bill of Rights of the Ohio Constitution.

This motion seeks to declare the defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry individual liability for their collective defamatory misconduct and the violation of plaintiff's civil rights.

## Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is a "genuine" dispute as to a material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In making this determination, however, "a court may not weigh conflicting evidence or make credibility determinations of its own." Id. Instead, the court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Id. "The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact." Id. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the nonmoving party would have the burden of proof at trial, there are two ways for the moving party to satisfy this initial burden. United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437-38 (11th Cir. 1991). The first is to produce "affirmative evidence demonstrating that the nonmoving party will

be unable to prove its case at trial." Id. at 1438 (citing Celotex Corp., 477 U.S. at 331). The second is to show that "there is an absence [*18] of evidence to support the nonmoving party's case." Id. (quoting Celotex Corp., 477 U.S. at 325). If the moving party satisfies its burden by either method, the burden shifts to the nonmoving party to show that a genuine issue remains for trial. Id. At this point, the nonmoving party must "'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995) (quoting *Celotex Corp.*, 477 U.S. at 324).

### Deception and lies of defendants Springowski, Shawver, and Thornsberry

The defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry have falsely denied and lied in their Answers as filed in this matter. See documents attached to plaintiff Garon Petty's affidavit which proves the libelous statement as published and which were accomplished maliciously. For defendants to deny or deny for lack of knowledge libelous documents they created and published in a conspiracy to deny plaintiff Garon Petty his federal and state Constitutional rights is a fraud upon this Court and the entire Justice system.

For this to be done by scheming politicians who were advocated false facts and for criminal charges to be brought against a citizen patriot is beyond outrageous and should be viewed as criminal conduct to deny the civil rights of plaintiff Garon Petty.

The attorneys engaged in the cover-up of their behaviors likewise have an obligation to this Court not to permit untruthful declarations to be made in the record. As the Law Director and his staff have filed or concurred in the filing of these untruthful declarations to be made in the record, it should be the Law Director's obligation to explain how he can make or allow such denials when the libelous communication clearly had been published directly to those listed in the factually

4

baseless, libelous and defamatory email communications that were presented and published to many but specifically the Law Director.

Troubling as that is, the behaviors of the defendant city councilmen and councilwoman, in denying their authorship, issuance, and publication of the factually baseless, libelous, and defamatory email communications that were presented and published in an effort to libel plaintiff Garon Petty and to destroy his reputation and deprive him of his civil rights and constitutional rights provided to him under the First Amendment of the United States Constitution and the Ohio Constitution, is actionable under 42 U.S.C. Section 1983.

This should be so declared, and a trial had only upon the issue of damages as the defendants have violated plaintiff's civil rights and then seek to lie about it conspiring for fabricated lies and perversions of the truth to be declared and set forth in their Answer filed in this Federal Court.

## Prerogatives of Citizenship

Any Citizen in America AND IN LORAIN, OHIO has prerogatives of American and Ohio citizenship; … "[o]ne of the prerogatives of American citizenship is the right to criticize public men and measures—and that means not only informed and responsible criticism but the freedom to speak foolishly and without moderation." *Cohen*, 403 U.S. at 26 (quoting *Baumgartner v. United States*, 322 U.S. 665, 673–74 (1944)). "[T]he First Amendment recognizes, wisely we think, that a certain amount of expressive disorder not only is inevitable in a society committed to individual freedom, but must itself be protected if that freedom would survive." *City of Houston*, 482 U.S. at 472. Wood's speech, while coarse, was constitutionally protected. Wood v. Eubanks, (6th Cir) Case No. No. 20-3599 (Decided February 8, 2022) [@ page 18 last paragraph of Opinion].

Likewise, defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry as state actors and council members of the City of Lorain, Ohio have a consequent duty and an obligation

5

to accept criticize from citizens even if they disagree with a criticizing citizen like plaintiff or consider him uninformed, prone to disagreement,   a political enemies, or irresponsible (a pain in their environment). Plaintiff Garon F. Petty and every other Citizen approaching his government, is entitled to ask questions, make statements, make public records requests, demand explanations, demand answers to questions, including questions previously ignored. These are Constitutionally protected rights under the First Amendment to the Bill of Rights of the Constitution of the United States of America. Plaintiff has the right to demand and be told the Truth from his government. Plaintiff as asserted by the 6th Circuit has further the freedom to even speak foolishly and without moderation.  Plaintiff has the right to not have his protected rights trampled by state actors defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry.

Notwithstanding these prerogatives Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry [seeking maliciously to harm plaintiff Petty and his reputation] have maliciously acted against Petty; did collectively and maliciously libel and slander plaintiff Garon F. Petty accusing him of various crimes and declared him a criminal perpetrator; Defendants Springowski, Shawver, and Thornsberry published and declared of and about him various libelous defamatory statements accusing Petty of voyeurism, harassment, being unhinged and having an unhealthy obsession with Mary Springowski, and in declaring he be investigated for crimes. Defendants Springowski, Shawver, and Thornsberry maliciously labeled and called him a criminal claiming he violating criminal statutes, engaging in various criminal behaviors, and they deliberately used false and defamatory words and innuendo publishing the same amongst the community, social media, and Council: Defendants Springowski, Shawver, and Thornsberry have accused plaintiff Garon F. Petty without factual basis of violating **R.C. Sections 2917.21, 2903.21, 2903.211,** stalking women, being dangerous to their personal safety, claiming his criminal

6

offensive behavior has been witnessed at council meetings and has been seen on social media. Defendants by such malicious behavior deprived plaintiff Garon F. Petty of his First Amendment Rights of Freedom of Speech and his associated Rights under Article I of the Bill of Rights of the Ohio Constitution.

### Defamation Per Se

"Defamation occurs when a publication containing a false statement is made with some degree of fault that (1) reflects injuriously on one's reputation, or (2) exposes a person to public hatred, contempt, ridicule, shame, or disgrace, or (3) affects a person adversely in his or her trade, business, or profession. *Sullins v. Raycom Media, Inc.*, 2013-Ohio-3530, 996 N.E.2d 553, ¶ 15 (8th Dist.).

To establish a claim for defamation, a plaintiff must show: (1) a false statement of fact was made about the plaintiff, (2) the statement was defamatory, (3) the statement was published, (4) the plaintiff suffered injury as a proximate result of the publication, and (5) the defendant acted with the requisite degree of fault in publishing the statement. *Id.* at ¶ 15, citing *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio 4193, 978 N.E.2d 832, ¶ 77, citing *Pollock v. Rashid*, 117 Ohio App.3d 361, 368, 690 N.E.2d 903 (1st Dist.1996).

Defamation can occur in two forms -- slander, which is spoken, and libel, which is written. *Stohlmann v. WJW TV, Inc.*, 8th Dist. Cuyahoga No. 86491, 2006-Ohio-6408, ¶ 8.

Libel, generally, is a false written publication that meets the elements of defamation. *McKee v. McCann*, 2017-Ohio-7181, 95 N.E.3d 1079, ¶ 36 (8th Dist.)."

[Cite from *Johnson v. Johnson*, 2020-Ohio-1381.]

Libel {¶23} "To establish defamation, the plaintiff must show (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement." (Internal citation omitted.) *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193, ¶ 77.

[Cite as *Gibson Bros., Inc. v. Oberlin College*, 2022-Ohio-1079.]

"{¶9} Defamation consists of the publication of a false statement made with "some degree of fault" that reflects injuriously upon the subject's reputation, exposes the subject to "public hatred, contempt, ridicule, shame or disgrace," or adversely affects the subject in his or her business, trade, or profession. *Jackson v. Columbus*, 117 Ohio St.3d 328, 2008-Ohio-1041, ¶ 9, quoting *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 7 (1995). Stated differently, the elements of a defamation claim are "(1) a false and defamatory statement, (2) about plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) that was either defamatory per se or caused special harm to the plaintiff." *Gosden v. Louis*, 116 Ohio App.3d 195, 206 (9th Dist.1996).

"{¶10} **Defamation per se consists of a false statement that is defamatory on its face, without the need for interpretation or innuendo.** *Northeast Ohio Elite Gymnastics Training Ctr., Inc. v. Osborne*, 183 Ohio App.3d 104, 2009-Ohio-2612, ¶ 7 (9th Dist.). **Spoken words that falsely accuse the subject of a crime that exposes the accused to infamous punishment are defamation per se.** *Radcliff v. Steen Elec., Inc.*, 162 Ohio App.3d 596, 2007-Ohio-5117, ¶ 14 (1st Dist.), citing *Williams v. Gannett Satellite Information Network, Inc.*, 1st Dist., 2005-Ohio-4141, ¶ 8. Imprisonment is a form of "infamous punishment." *See State v.*

8

*Uskert*, 85 Ohio St.3d 593, 599 (1999), quoting *Hudson v. U.S.*, 522 U.S. 93, 104 (1997). **When a statement constitutes defamation per se, the existence of actual malice and damages is presumed.** *Webber v. Ohio Dept. of Pub. Safety*, 10th Dist. Franklin No. 17AP-323, 2017-Ohio 9199, ¶ 36." [Cite from *J.P. v. T.H.*, 2020-Ohio-320.]    Defendants have liability for Defamation Per Se and this Court should declare the same to exist.

### Defendants Liability for Violation of Plaintiff's Civil Rights: 42 U.S.C. Section 1983
### <u>Violation of The First Amendment.</u>
#### 42 U.S.C. § 1983. Civil action for deprivation of rights

> **Every person who, under color of any statute, ordinance, regulation, custom, or usage,** of any State or Territory or the District of Columbia, **subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured** in an action at law, suit in equity, or other proper proceeding for redress,...". [edited/condensed/emphasis added] 42 U.S.C. § 1983.

### <u>Constitutional Violations</u>

The Plaintiffs have asserted violations of their constitutional rights under the First and Fourteenth Amendments, all brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)). [*13] "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." Id.

Defendants actions were a sufficient manifestation of official authority to arise under state law. *[From Defendants Answer as filed in the instant case this is inferred and/or admitted.]*  See:

*Parks v. City of Columbus*, 395 F.3d 643, 646-52 (6th Cir. 2005) (off-duty officer acted under color of state law when he moved the suspect, displayed a badge, identified himself as a police officer and threatened to arrest the suspect); *Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 903, 86 Fed. Appx. 137 (6th Cir. 2004) (factors for determining whether off-duty officer acted under color of state law included whether he arrested subject and identified himself as a police officer).

Plaintiff Garon F. Petty has at all relevant times sought to exercise good citizenship participation in local government and to utilize skillfully his Rights under the First Amendment to the Constitution of the United States of America and Article I: Bill of Rights *Inalienable Rights*. of the Citizens of Ohio as described and set forth within Ohio Constitution Section 3 *Right to Assemble* [… to instruct their Representatives; and to petition …for redress of grievances.], Ohio Constitution Section 11 Freedom of Speech; …[Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, … ."], all rights protected by Article I of the Ohio Constitution, all for the betterment of local government.

Over the past year Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry have refused to answer public records requests for documents they authored concerning Ordinance 115-21 asking for clarification on the this ordinance and its legality.

Over the past year Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry have blocked him from engaging in public forum debate on public websites (censorship from Lorain Council City Webpages); plaintiff Garon F. Petty was blocked from engaging in his own local government, political debate forum, and from communicating on political issues, especially during the Covid lock down of city council and its public meetings by this censorship.

10

Over the past year Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry have defamed plaintiff Garon F. Petty for making public records requests accusing him of various criminal acts and conduct as described above and in his affidavit attached.

Defendants Mary Springowski, Cory Shawver, Joshua Thornsberry and The City of Lorain, Ohio and its agents by their respective conduct have violated Plaintiff's constitutionally protected Rights under the First Amendment to the Constitution of the United States of America and Sections 3. And 11. of Article I, Bill of Rights of the Ohio Constitution.

### First Amendment Claim

To establish that Defendants unlawfully retaliated against the Plaintiff for exercising his First Amendment rights, the Plaintiff must show "first, that [his] speech or act was constitutionally protected; second, that Defendants retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech."

Plaintiff Garon F. Petty as a direct and proximate result of the unconstitutional behaviors of Defendants Mary Springowski, Cory Shawver, Joshua Thornsberry and The City of Lorain, Ohio, its agents in violating plaintiff's constitutionally protected Rights under the First Amendment to the Constitution of the United States of America *and* Sections 3. and 11. of Article I, Bill of Rights of the Ohio Constitution has been damaged by such behaviors, actions, and conduct.  Defendants Mary Springowski, Cory Shawver, Joshua Thornsberry and The City of Lorain, Ohio, and its agents have retaliated against Plaintiff Garon F. Petty for his exercise of his constitutionally protected Rights under the First Amendment to the Constitution of the United States of America and Sections 3. and 11. of Article I, Bill of Rights of the Ohio Constitution.  By reason of such threatened retaliations made against him by defendants Mary Springowski, Cory

11

Shawver, Joshua Thornsberry and The City of Lorain, Ohio, the Plaintiff Garon F. Petty is being slandered, libeled, and defamed, being wrongfully declared to be a criminal, an unstable menacing stalker who harasses representatives of Lorain City Council. Plaintiff Garon F. Petty has been and is being threatened with criminal investigations, possibly at risk for the loss of his Freedoms, Liberty and his Rights guaranteed to him under the First Amendment to the Constitution of the United States of America, and Article I: Bill of Rights *Inalienable Rights*. of the Citizens of Ohio as described and set forth within Ohio Constitution Section 3 *Right to Assemble* [… to instruct their Representatives; and to petition …for redress of grievances.], Ohio Constitution Section 11 Freedom of Speech; …[Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, … ."], all rights protected by Article I of the Ohio Constitution.

Plaintiff Garon F. Petty suffered damages, including an adverse action likely to chill a person of ordinary firmness from continuing to engage in protected speech. These adverse actions are described below:

- Alienation from Lorain City Council and participation therein;
- Alienation from the Community (loss of reputation and standing in the Community);
- Threatened prosecution and loss of freedom and liberty for the exercise of First Amendment to the Constitution of the United States of America and Sections 3. and 11. of Article I, Bill of Rights of the Ohio Constitution.

The protected speech of plaintiff Garon F. Petty which he engaged in was a substantial or motivating factor in the decision to take the adverse action against him.

Defendants Springowski, Shawver, and Thornsberry, acting under color of state law, in retaliation of the plaintiff Garon Petty exercising his Constitutional rights did proximately cause and deprive citizen patriot watchdog plaintiff Garon Petty of his rights, privileges, or immunities

secured by the Constitution(s) and laws to him.  As such, Defendants Springowski, Shawver, and Thornsberry have a personal liability to plaintiff Garon Petty for all his damages.

Upon the declaration and establishment of the liability of Defendants Springowski, Shawver, and Thornsberry by this motion, this Court should order a scheduled a trial for the determination of the amount of damages as shall be awarded plaintiffs by this Court with an instruction to the Jury that Damages are presumed to exist under law and the Jury's role is to determine the amount of damages to be awarded.

Defendants have no justification their unconstitutional behaviors, defamation and degradation of plaintiff; The object to hide and shield their wrongdoing as public officials whom have been identified by plaintiff as having culpability for illegal wrongdoing at Lorain City Hall involving public corruption and to prevent his right to petition government for the redress of grievances is illegal and substantiates their intent and malice in the publications they made and in their efforts to cause the damage to Citizen watchdog Garon Petty. Defendants Mary Springowski, along with her fellow defendants Cory Shawver and Joshua Thornsberry, are under political pressure due to their past votes and political behaviors being pointed out by plaintiff Garon F. Petty in matters involving: Charter Ordinance violation, public records requests, Council Meeting Decorum Issues, and other matters of record.

Defendants have no right to prevent a citizen "watch dog" of the People exists for a sitting politician to slander or defame him in an effort to "tar and feather" him and bastardize him with the filth of their False, Fake, and Fabricated accusations (outside the floor of their council chambers) in order create a distraction to shelter themselves from the spotlight being focused upon them for their wrongdoing and corruption.

13

*Defendants have engaged in retaliation against Plaintiff* as Plaintiff has pointed out various culpability of defendants and has demanded answers for:

1. Defendants culpability and knowledge concerning an intentional or negligent publication and criminal dissemination of all police officer personal information accomplished by Defendant Springowski.

2. Defendants culpability and knowledge concerning defendants association seeking to deflect the attention to others from their direct and personal culpability for the Facebook Post of the Lorain employee data and their role in passage of the Charter Ordinance No. 115-21 that contained the sabotage poison pill as is the subject of Lorain County Common Pleas Court Case No. 21CV204977 pending before Judge James Miraldi is understandable.

3. Cory Shaver's role, in being a dutiful son but conflicted in seeking cover for his Mother and seeking to deflect the investigation into his ethics by the Ohio Ethics Commission into his behaviors in voting on his Mother's legislation for time recording payroll devices despite the obvious conflict of interest and her liability with defendant Springowski for the negligent and/or intentional dissemination of all Lorain city employee, including police officer personal information and troubles with his own domestic violence [found guilty upon plea and his behavior in calling women foul names requiring new rules in Lorain City Council]; All of which Plaintiff Garon F. Petty is strongly being vocal about to every citizen that will listen to ensure that Citizens are properly respected and protected, permitted to be engaged in their local government, and for the protection from Identity Theft of all Safety Forces and City Employees.

The Defamation of plaintiff Garon F. Petty and deflections about plaintiff's character and his slander and Libel have been created by defendants not only to harm plaintiff Garon F. Petty and chill political and Constitutional rights in Lorain, Ohio but also to serve the dual political motive of creating a distraction to keep attention from being focused upon defendants' untoward

14

behaviors. Defendants want to severely chill the exercise of all First Amendment Rights of Lorain, Ohio citizens that criticize them.

The defendants malicious statements and libel to defame, slander, and libel the plaintiff Garon F. Petty is one that must be corrected and declared; it represents tortious misconduct and depravation of civil rights under First Amendment Rights and Article I of the Ohio Constitution by public officials engaged in state sponsored conduct. The defendants' malicious statements and Libel seek to destroy the plaintiff Garon F. Petty and give relevance and cover to three political operatives who have accomplished illegalities of their own, yet have conspired together to deflect from themselves a truthful spotlight of focused culpability for their misconduct in an attempt to damage and destroy a spirited and righteous patriotic soul by the evils of their dark malicious scheme to damage plaintiff watchdog's reputation of honesty and integrity.

The words so maliciously spoken and written by defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry of plaintiff Garon F. Petty were false and defamatory. The purpose and intent in maliciously accusing plaintiff Garon F. Petty of (criminal behavior) and the speaking of such defamatory words were to impair, damage, and negatively impact upon and interfere with plaintiff Garon F. Petty's relationships existing and prospectively with fellow political activists, impair his friendships, standing, relationships, associations, in society and to destroy his reputation for and prevent his attainment of Constitutional freedoms available to him under law. By reason of such words having been spoken of and concerning the plaintiff, plaintiff Garon F. Petty was injured in his reputation and has suffered great pain and mental anguish, to his damage as the Jury shall determine at the trial on such issue.

## Conclusion

This Court should declare and establish liability of each of the defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry to the plaintiff Garon F. Petty for the Libel and "Per Se" defamatory communications maliciously made by them and published to others with an intent to injure and harm Plaintiff Garon F. Petty and in an effort to deny him his Constitutional Rights: First Amendment Rights of Freedom of Speech and his associated Rights under Article I of the Bill of Rights of the Ohio Constitution.

Defendants Springowski, Shawver, and Thornsberry, acting under color of state law, in retaliation of the plaintiff Garon Petty exercising his Constitutional rights did deprive citizen patriot and watchdog plaintiff Garon Petty of his rights, privileges, or immunities secured by the Constitution and laws to him. As such, Defendants Springowski, Shawver, and Thornsberry should be declared liable and be found to have individual and collective liability to plaintiff Garon Petty for all plaintiffs' damages. This Court should order and scheduled a trial for the determination of the amount of damages as shall be awarded by this Court with an instruction to the Jury that Damages are presumed to exist under law and the Jury's role is to determine the amount of damages to be awarded.

Robert J. Gargasz Co., L.P.A.

By: _____

Robert J. Gargasz, Esq. (0007136)
Attorney for Plaintiffs
Garon F. Petty and Jeanne Petty
1670-C Cooper Foster Park Road
Lorain, OH   44053
(440) 960-1670 / fax (440) 960-1754
email: rjgargasz@gmail.com

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April 2022, a copy of the foregoing _Plaintiff Garon F. Petty's Motion Under Federal Civil Rule 56 to Establish Liability of Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry For Liability for Defamation "Per Se" and for violation of plaintiff's civil rights_ was served electronically and e-mailed to:

Richard D. Panza (0011487)
Matthew W. Nakon (0040497)
Malorie A. Alverson (0089279)
WICKENS HERZER PANZA
E: RPanza@WickensLaw.com
E: MNakon@WickensLaw.com
E: MAlverson@WickensLaw.com
35765 Chester Road
Avon, OH 44012
P: (440) 695-8000
F: (440) 695-8098
_Counsel for Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry_

Patrick D. Riley, Esq (0006642)
City of Lorain Law Director
Joseph T. LaVeck, Esq (0092326)
Assistant Law Director
200 West Erie Ave., 3rd floor
Lorain, Ohio 44052
T: (440) 204-2250
F: (440) 204-2257
E: joseph_laveck@cityoflorain.org
_Counsel for Defendant City of Lorain_

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

Robert J. Gargasz Co., L.P.A.

By: _____
Robert J. Gargasz, Esq. (0007136)
Attorney for Plaintiffs
Garon F. Petty and Jeanne Petty
1670-C Cooper Foster Park Road
Lorain, OH  44053
(440) 960-1670 / fax (440) 960-1754
email: rjgargasz@gmail.com

17