## BRIEF IN SUPPORT

**I.     STATEMENT OF THE CASE**

On February 24, 2022, Plaintiffs filed their Complaint in the Lorain County Court of Common Pleas and was assigned Case No. 22CV205298. On March 23, 2022, City filed its Notification of Removal to the United States District Court for Northern District of Ohio and was assigned Case No. 1:22-CV-00458. On March 28, 2022, Defendants Cory Shawver, Mary Springowski and Joshua Thornsberry filed their Answer. On March 29, 2022, City filed its Answer. On April 19, 2022, Plaintiffs filed a Motion for Partial Summary Judgment.

**II.    LAW AND ARGUMENT**

**A.    Standard of Review**

"A motion for judgment on the pleadings is appropriate after pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard that applies to such a motion is the same as for Rule 12(b)(6) motions. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* A motion for judgment on the pleadings will not be granted when material facts are disputed, but Rule 12(c) can be used to resolve purely legal questions on the pleadings. *Id.*

"A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Chandler v. Specialty Tires of Am. Tennessee), Inc.* 283 F.3d 818, 823 (6th Cir. 2002). (quoting *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999)).

In Ohio, "The Ohio Supreme Court set forth a three-tiered analysis to determine whether a political subdivision is immune from tort liability: the first tier is to establish immunity under R.C. § 2744.02(A)(1); the second tier is to analyze whether any of the exceptions to immunity under R.C. § 2744.02(B) apply; if so, then under the third tier, the political subdivision has the burden of showing that one of the defenses of R.C. § 2744.03 applies. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998); *Hubbard v. Canton City School Bd. Of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10-12. If a defense applies, then immunity is reinstated. *Id.*"

### B.     City is Entitled to Governmental Immunity

City is entitled to immunity and is therefore entitled to judgment. Political subdivisions are immune from liability for any act or omission under Chapter 2744 of the Ohio Revised Code unless an exception applies. R.C. § 2744.02(A)(1). Here, City is a political subdivision under Chapter 2744. R.C. 2744.01(F). "The exceptions to political subdivision immunity include, in general terms: (1) the negligent operation of a motor vehicle; (2) the negligent performance of proprietary functions; (3) the negligent failure to maintain public roads; (4) negligence on the grounds of a public building; and (5) liability that is expressly imposed by statute. R.C. § 2744.02(B)(1)-(5)." *Watson v. Akron*, 9th Dist. No. 24077, 2008 Ohio 4995, at P12. "In Ohio, a political subdivision may not be held liable for intentional torts unless liability is expressly imposed upon the political subdivision by a section of the Ohio Revised Code." *Id. at P.14*. "A political subdivision is not liable for the intentional torts of its employees. *Aronson v. Akron (April 4, 2001)*, 9th Dist. No. 19816, 2001 Ohio App. LEXIS 1583 at *20. "Instead the political subdivision is only liable for injury, death, or loss to person or property that is caused by the negligence of their employees." *Id.*

Here, Plaintiffs' Complaint alleges that City was engaged in malicious and/or purposeful/intentional conduct. See Compl. ¶¶¶¶ 3, 8, 12, 13, & 14. Further, Plaintiffs' Complaint fails to identify an applicable exception under R.C. § 2744.02(B)(1)-(5) or pleads their Complaint in such a manner that this Honorable Court may find an exception to the immunity that City is otherwise entitled. Moreover, none of the provisions of R.C. § 2744.02(B)(1)-(4) are applicable and no statute exists that expressly imposes liability upon a political subdivision due to the defamatory acts of its employees. See *Price v. Austintown Local Sch. Dist. Bd. of Educ.*, 178 Ohio App. 2d 256. See also *Hubbard v. Cleveland Metro. Sch. Dist. Bd. of Educ.*, 195 Ohio App. 3d 708 (holding that even a defamation claim based upon negligence fails to state a claim upon which relief may be granted, as no exception to immunity under R.C. 2744.02(B)(1)-(5) exists). As such, City is entitled to immunity and is therefore entitled to judgment.

### C. Ohio Const. Art. I, § 11 Fails to Provide Cause of Action

City is entitled to judgment, as no cause of action exists for a violation of Ohio Const. Art. I, § 11. "The Ohio Supreme Court has opined that Ohio Const. Art. I., § 11 does not set forth an accompanying cause of action for a violation of the right of free speech." *Hagedorn v. Cattani*, 715 Fed. Appx. 499. (quoting *Provens v. Stark Cty. Bd. of Mental Retardation & Dev. Disabilities*, 64 Ohio St. 3d 252, 1992 Ohio 35, 594 N.E.2d 959, 961 (Ohio (1992). Indeed, the Ohio Supreme Court has never definitively held that a private cause of action exists. *Painter v. Graley*, 70 Ohio St. 3d 377, 1994 Ohio 334, 639 N.E.2d 51, 54 (Ohio 1994). "And the decisions of the Ohio Court of Appeals weigh strongly in favor of finding no private cause of action." *Hagedorn.* See *PDU, Inc. v. City of Cleveland*, No. 81944, 2003-Ohio-3671, 2003 WL 21555157, at *4-5 (Ohio Ct. App. July 10, 2003) (holding that Article I, Section 11 is "not

sufficiently precise to provide clear guidance to the courts with respect to enforcement of its terms" and therefore lacked an independent or implied cause of action); See also *Autumn Care Ctr., Inc. v. Todd*, 2014-Ohio 5235, 22 N.E.3d 1105, 1110 (Ohio Ct. App. 2014) (Citing *PDU, Inc.* with approval). Further, "the district courts in this circuit have consistently found that the Ohio Constitution does not provide a private cause of action under Article I, Section 11. *See, e.g., Williams v. Nice*, 58 F. Supp. 3d 833, 839-40 (N.D. Ohio 2014); *Graham v. Johanns*, No. 2:07-cv-453, 2008 U.S. Dist. LEXIS 64458, 2008 WL 3980870, at *11 (S.D. Ohio Aug. 21, 2008); *Duncan v. Village of Middlefield* No. 1:07-cv-440, 2007 U.S. Dist. LEXIS 84547, 2007 WL 4013592, at *10 (N.D. Ohio Nov. 13, 2007),; *Barksdale v. City of Cleveland*, No. 1:04-cv-2130, 2006 U.S. Dist. LEXIS 29533, 2006 WL 7077216, at *4 (N.D. Ohio May 5, 2006)." *Hagedorn.* As such, no cause of action exists for a violation of Ohio Const. Art. I, § 11 and City is entitled to judgment.

> D. **Plaintiffs' Complaint Fails to Plead a *Monell* Claim and the Complaint Insufficiently States a Cause of Action Under § 1983**

Plaintiffs' Complaint fails to properly plead a *Monell* claim against City and the Complaint insufficiently states a cause of action under § 1983. The United States Supreme Court has held, a "plaintiff must identify a municipal 'policy' or 'custom' that caused the injury," in order to subject a municipality to liability for a constitutional violation under 42 U.S.C. § 1983." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 397, 117 S. Ct. 1382, 137 L.Ed. 2d 626 (1997). "The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged." *Id.* citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the

deprivation of federal rights." *Board of County Comm'rs,* [*652] 520 U.S. at 397. "Proof that a ***municipality's legislative body*** or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily established that the municipality acted culpably. Similarly, the conclusion that the action taken or directed by the municipality or its authorized decision maker itself violates federal law with also determine that the municipal action was the moving force behind the injury of which the plaintiff complains." *Id.*

In *Haddon v. City of Cleveland*, 481 F. Supp. 3d 642, this Honorable Court granted, in part, and denied, in part, motions for summary judgment filed by defendant City of Cleveland, that in relevant part, argued that defendant City of Cleveland was entitled to judgment as a matter of law, as plaintiff's complaint failed to plead *Monell* claims under § 1983. In *Haddon*, plaintiffs argued contra that a single act of a municipality that violates a plaintiff's constitutional rights may trigger municipal liability. In *Haddon*, this Honorable Court denied defendant City of Cleveland's motion for summary judgment, in pertinent part, on the basis that plaintiff's complaint sufficiently stated a cause of action under § 1983. However, this Honorable Court specifically noted that plaintiff's complaint alleged a violation of plaintiff's Fourteenth Amendment, as defendant City of Cleveland failed to provide the requisite notice and right to be heard before demolishing plaintiff's home. *Id.* Further, in *Haddon*, this Honorable Court acknowledged that the United States Court of Appeals for the Sixth Circuit, in *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003), held that plaintiff had sufficiently asserted a constitutional violation despite plaintiff's failure to specifically invoke § 1983. Indeed, this Honorable Court held that, "Because Plaintiffs' Complaint and Brief in Opposition have clearly asserted the right affected ***and the allegedly unlawful conduct by the City that caused the***

*violation*, the Court finds the Complaint alleges a constitutional violation despite the fact that Plaintiffs never expressly invoked § 1983."

Plaintiffs' Complaint fails to properly plead a *Monell* claim against City and the Complaint insufficiently states a cause of action under § 1983. Plaintiffs must identify a municipal policy or custom that caused the injury alleged by Plaintiffs, and the Plaintiff must also demonstrate that through its deliberate conduct, the municipality was the moving force behind the injury alleged. *Board of County Comm'rs.* See also *Monell.* Here, there is nothing in Plaintiffs' Complaint that specifically identifies a City policy or custom that caused the injury alleged by Plaintiffs nor does Plaintiffs' Complaint identify any deliberate conduct by City directed towards Plaintiffs – let alone deliberate conduct that would otherwise constitute the "moving force" behind the injury alleged. As such, Plaintiffs' Complaint fails to properly plead a *Monell* claim against City, the Complaint insufficiently states a cause of action under § 1983, and City is entitled to judgment.

Plaintiffs' Complaint fails to properly plead a *Monell* claim against City and the Complaint insufficiently states a cause of action under § 1983. In *Haddon*, despite not specifically pleading a *Monell* claim under § 1983 against the defendant, plaintiff argued contra that a single act of a municipality that violates a plaintiff's constitutional rights may trigger municipal liability. *Haddon*. "Proof that a ***municipality's legislative body*** or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the municipality acted culpably. Similarly, the conclusion that the action taken or directed by the municipality or its authorized decisionmaker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains." *Board of County Comm'rs*. Here, Plaintiffs' Complaint alleges that three (3) City

councilmembers violated their federal rights, but those Co-Defendant-councilmembers, whether individually or collectively, do not comprise the City's legislative body; rather, those Co-Defendant-councilmembers are mere members of a deliberative body that has final decision-making authority. As such, Plaintiffs' Complaint fails to properly plead a *Monell* claim against City, the Complaint insufficiently states a cause of action under § 1983, and City is entitled to judgment.

### E. Plaintiffs' Loss of Consortium Claim is a Derivative Claim that Fails Upon the Failure of Plaintiffs' Primary Claims

City is entitled to judgment, as Plaintiffs' Loss of Consortium claim is a derivative claim that fails upon the failure of Plaintiffs' primary claims. A claim for loss of consortium is derivative and, but for the primary cause of action by the plaintiff, would not exist. *Wang v. Goodyear Tire & Rubber Co.* (1990), 68 Ohio App.3d 13, 19, 587 N.E.2d 387. Consequently, when summary judgment is granted to the defendant on the claim from which loss of consortium is derived, the loss of consortium claim fails as well. Cf. *Rigby v. Fallsway Equip. Co., Inc.,* 150 Ohio App.3d 155, 2002 Ohio 6120, 779 N.E.2d 1056, at P64-65. *Bradley v. Sprenger Enters*., 2008-Ohio-1988, P14, 2008 Ohio App. LEXIS 1702, *8-9, 2008 WL 1849649. Here, Plaintiffs' primary claims fail, for the reasons stated throughout this Brief in Support, and, therefore, Plaintiffs' derivative claim of Loss of Consortium must also fail. As such, City is entitled to judgment.

### III. CONCLUSION

City is entitled to judgment, as City is entitled to immunity in accordance with Chapter 2744 of the Ohio Revised Code; Plaintiffs' Complaint fails to properly plead a *Monell* claim against City and the Complaint insufficiently states a cause of action under § 1983, no private

cause of action exists for a violation of Ohio Const. Art. I, § 11., and Plaintiffs' Loss of Consortium claim is a derivative claim that fails upon the failure of Plaintiffs' primary claims.

**WHEREFORE**, City prays that Plaintiffs' Complaint be dismissed, and that it goes hence without cost or delay.

Respectfully submitted,

/s/ Joseph T. LaVeck
Patrick D. Riley, Esq (0006642)
City of Lorain Law Director
Joseph T. LaVeck, Esq (0092326)
Assistant Law Director
200 West Erie Ave., 3rd floor
Lorain, Ohio 44052
T: (440) 204-2250
F: (440) 204-2257
E: joseph_laveck@cityoflorain.org

*Counsel for Defendant City of Lorain*

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(f)

I hereby certify that this Brief in Support of Defendant City of Lorain's Motion for Judgment on the Pleadings fully complies with Local Civil Rule 7.1(f). As of this writing, no Case Management Conference has yet taken place, as it is currently scheduled on June 7, 2022, resulting in no track selection by this Honorable Court. Further, this Brief in Support fully complies with Local Civil Rule 7.1(f) regarding the length of memoranda submitted regardless of the track eventually selected by this Honorable Court.

Respectfully submitted,

/s/ Joseph T. LaVeck
Patrick D. Riley, Esq (0006642)
City of Lorain Law Director
Joseph T. LaVeck, Esq (0092326)
Assistant Law Director
200 West Erie Ave., 3rd floor
Lorain, Ohio 44052
T: (440) 204-2250
F: (440) 204-2257
E: joseph_laveck@cityoflorain.org

*Counsel for Defendant City of Lorain*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May 2022, a copy of the foregoing Defendant City of Lorain's Motion for Judgment on the Pleadings was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

| | |
|---|---|
| Robert J. Gargasz (0007136) <br> 1670 Cooper Foster Park Road <br> Lorain, OH 44053 <br> P: (440) 960-1670 <br> F: (440) 960 1754 <br> E: rjgargasz@gmail.com <br><br> *Counsel for Plaintiffs* | Richard D. Panza (0011487) <br> Matthew W. Nakon (0040497) <br> Malorie A. Alverson (0089279) <br> WICKENS HERZER PANZA <br> E: RPanza@WickensLaw.com <br> E: MNakon@WickensLaw.com <br> E: MAlverson@WickensLaw.com <br> 35765 Chester Road <br> Avon, Ohio 44011 <br> P: (440) 695-8000 <br> F: (440) 695-8098 <br><br> *Counsel for Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry* |

Respectfully submitted,

/s/ Joseph T. LaVeck
Patrick D. Riley, Esq (0006642)
City of Lorain Law Director
Joseph T. LaVeck, Esq (0092326)
Assistant Law Director
200 West Erie Ave., 3rd floor
Lorain, Ohio 44052
T: (440) 204-2250
F: (440) 204-2257
E: joseph_laveck@cityoflorain.org

*Counsel for Defendant City of Lorain*