IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARON F. PETTY, ET AL. | CASE NO. 1:22-cv-00458-CAB |
| Plaintiffs | JUDGE CHRISTOPHER A. BOYKO |
| vs. | MAGISTRATE JUDGE WILLIAM BAUGHMAN |
| MARY SPRINGOWSKI, ET AL. | |
| Defendants | **MOTION TO STRIKE PLAINTIFF'S UNTIMELY FILED MOTION FOR PARTIAL SUMMARY JUDGMENT** |

\* \* \* \*

NOW COME Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry (collectively "City Council Defendants"), by and through counsel, and hereby move this Court to strike Plaintiff Garon F. Petty's Motion Under Federal Civil Rule 56 to Establish Liability of Defendants Mary Springowski, Cory Shawver, and Joshua Thornsberry for Liability for Defamation "Per Se" and for Violation of Plaintiff's Civil Rights ("Plaintiff's Motion for Partial Summary Judgment") (Doc. 6). Plaintiff's Motion for Partial Summary Judgment was untimely filed in violation of this Court's Notice of Case Management Conference order that expressly prohibits the filing of unscheduled motions for summary judgment, and should be stricken from the record.

As grounds for this Motion, City Council Defendants state that they are each elected members of city council for the City of Lorain, Ohio. On February 24, 2022, Plaintiffs Garon F. Petty and Jeanne Petty (collectively, "Plaintiffs") filed their Complaint in the Lorain County Court of Common Pleas (Case No. 22CV205298) against City Council Defendants and the City of Lorain, Ohio ("City Defendant") for injunctive relief and money damages alleging (as best as can be discerned) causes of action for defamation, violation of the First Amendment of the Ohio Constitution, violation of Title 42 of the United States Code, Section 1983, and loss of consortium.

In response to Plaintiffs' Complaint, City Defendant removed the case to the United States District Court for the Northern District of Ohio. (Doc. 2). City Council Defendants filed their Notice of Consent to Removal on March 24, 2022. (Doc. 4). City Council Defendants filed their Answer on March 28, 2022. (Doc. 5) Thereafter, on April 19, 2022, Plaintiff Garon F. Petty filed his Motion for Partial Summary Judgment. (Doc. 7). One week later, on April 26, 2022, this Court issued its Notice of Case Management Conference. (Doc. 8).

Pertinent to this Motion, the Notice of Case Management Conference states: "[u]nscheduled Motions for Summary Judgment may not be filed unless leave of Court has been sought and granted." (*See*, Doc. 8) Plaintiff did not seek leave of Court prior to filing his Motion for Partial Summary Judgment, nor did Plaintiff withdraw his Motion for Partial Summary Judgment after receipt of this Court's Notice of Case Management Conference.

A motion to strike [under Rule 12(f)] is technically not available to motions for summary judgment. *Sultaana v. Jerman*, N.D.Ohio No. 1:15-CV-382, 2019 WL 5653409, *4 citing *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997). Rule 56 also does not provide for "striking" a document that does not conform to its requirements. *Sultaana*, at *4; *see generally,* Fed. R. Civ. P. 56. Instead, this Court's authority to strike Plaintiff's Motion for

Partial Summary Judgment must come through this Court's inherent authority to manage its docket. *See, Sultaana*, at *4; *see Reddy v. JPMorgan Chase Bank, N.A.*, S.D.Ohio No. 2:09-cv-1152, 2013 WL 12371196, at *2, 2013 U.S. Dist. LEXIS 43640, at *4-5 (S.D. Ohio, Mar. 27, 2013) citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that trial courts have inherent power to "manage their own affairs as to achieve an orderly and expeditious disposition of cases"); *see also, ACLU of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010) ("[B]ased on the district court's power to manage its own docket, the court had ample discretion to strike Defendants' late renewed motion for summary judgment.").

Because Plaintiff's Motion for Partial Summary Judgment was untimely filed in violation of this Court's Notice of Case Management Conference order prohibiting the filing of unscheduled motions for summary judgment, City Council Defendants respectfully request that this Court utilize its inherent authority to manage its docket and strike the same from the record.

Respectfully submitted,

*/s/ Richard D. Panza*
Richard D. Panza (No. 0011487)
E-mail RPanza@WickensLaw.com
Matthew W. Nakon (No. 0040497)
E-mail MNakon@WickensLaw.com
Malorie A. Alverson (No. 0089279)
E-mail MAlverson@WickensLaw.com
Docket E-mail Docket@WickensLaw.com
WICKENS HERZER PANZA
35765 Chester Road
Avon, OH 44011-1262
(440) 695-8000 (Main)
(440) 695-8098 (Fax)

And

Patrick D. Riley, Esq.
Joseph T. Laveck, Esq.
CITY OF LORAIN
200 West Erie Avenue, 3rd Floor
Lorain, OH  44052-1600
E-mail:  lavecklaw@gmail.com

ATTORNEYS FOR DEFENDANTS, MARY
    SPRINGOWSKI, CORY SHAWVER AND JOSHUA
    THORNSBERRY

**PROOF OF SERVICE**

   This is to certify that a copy of the foregoing Motion to Strike Plaintiff's Untimely Filed Motion for Partial Summary Judgment has been sent via the Court's electronic filing system, on this 11th day of May, 2022, to:

Robert J. Gargasz, Esq.
Robert J. Gargasz Co., L.P.A.
1670 Cooper Foster Park Road
Lorain, OH 44053-3658
E-mail:  rjgargasz@gmail.com

         */s/ Richard D. Panza*
         Richard D. Panza
         Matthew W. Nakon
         Malorie A. Alverson