**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARON PETTY, et al., | ) | CASE NO. 1:22-CV-00458-JDA |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| v. | ) | |
| | ) | |
| MARY SPRINGOWSKI, et al., | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**I.     INTRODUCTION**

Plaintiffs Garon Petty ("Petty") and Jeanne Petty (collectively, "Plaintiffs") filed a Complaint against Lorain City Council members Mary Springowski, Cory Shawver, Joshua Thornsberry (collectively, the "City Council Defendants"), and the City of Lorain (the "City"). (ECF Doc. No. 1-1). This matter is before me by consent of the parties under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF Doc. No. 20). There are four pending motions: (1) Plaintiffs' Motion for Partial Summary Judgment (ECF Doc. No. 6); (2) the City's Motion for Judgment on the Pleadings (ECF Doc. No. 9); (3) the City Council Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment (ECF Doc. No. 10); and (4) the City Council Defendants' Motion to Strike from the Record Protected Attorney-Client Privileged Communications (ECF Doc. No. 12).

For the reasons set forth below: (1) Plaintiffs' Motion for Partial Summary Judgment is STRICKEN from the record; (2) the City's Motion for Judgment on the Pleadings is GRANTED; (3) the City Council Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment is GRANTED; and (4) the City Council Defendants' Motion to Strike from the Record

1

Protected Attorney-Client Privileged Communications is DENIED as moot.

**II.     PROCEDURAL HISTORY**

Plaintiffs filed a Complaint in the Lorain County Court of Common Pleas on February 24, 2022, asserting claims against the City Council Defendants and the City. (ECF Doc. No. 1-1, PageID # 5). The City filed a Notice of Removal in this Court on March 22, 2022, pursuant to 28 U.S.C. § 1331 (federal question) and § 1367(a) (supplemental jurisdiction). (ECF Doc. No. 1, PageID # 2).

On April 19, 2022, Plaintiffs filed a Motion for Partial Summary Judgment, as well as a Supplement to that Motion. (ECF Doc. Nos. 6, 7). On April 26, 2022, the Court issued a Notice of Case Management Conference, setting a Case Management Conference for June 2022, and indicating that "Unscheduled Motions for Summary Judgment may not be filed unless leave of Court has been sought and granted." (ECF Doc. No. 8, PageID # 128-29).

On May 10, 2022, the City moved for judgment on the pleadings. (ECF Doc. No. 9). The next day, the City Council Defendants moved to strike Plaintiffs' Motion for Partial Summary Judgment on the basis that it violated the Court's notice prohibiting the parties from filing unscheduled motions for summary judgment without leave of court. (ECF Doc. No. 10, PageID # 152). On May 19, 2022, the City Council Defendants moved to strike from the record attorney-client privileged communications that Plaintiffs attached to their affidavit in support of their Motion for Partial Summary Judgment. (ECF Doc. No. 12). The pending motions have been briefed and are now ripe for review.

**III.    BACKGROUND**

**A.     Plaintiffs' Complaint**

Plaintiffs asserted four causes of action in their Complaint. (*See* ECF Doc. No. 1-1). Specifically, Plaintiffs asserted that: (1) the City Council Defendants defamed Petty (ECF Doc.

2

No. 1-1, PageID # 6-9); (2) the City and the City Council Defendants retaliated against Petty for exercising his right to free speech under the First Amendment to the United States Constitution, and his rights to assemble and to free speech under Article I, Sections 3 and 11 of the Ohio Constitution (*id.* at PageID # 9-11); (3) the City and the City Council Defendants violated 42 U.S.C. § 1983 by depriving Petty of his rights, privileges, or immunities (*id.* at PageID # 11-12); and (4) Petty's wife (Plaintiff Jeanne Petty) suffered a loss of consortium as a result of the City's and the City Council Defendants' actions (*id.* at PageID # 12-13). In their prayer for relief, Plaintiffs requested: (1) declaratory judgment; (2) compensatory damages; (3) injunctive relief; and (4) punitive damages. (*Id.* at PageID # 13).

The Complaint indicates that Petty – a self-described "citizen 'watch dog' of the People[,]" and "spirited and righteous patriotic soul" – publicly criticized the City Council Defendants on numerous occasions. (ECF Doc. No. 1-1, PageID # 7-8). Petty alleged that the City Council Defendants retaliated against him by accusing him of various crimes and untoward behavior, suggesting he was unhinged, and defaming him to divert attention from their own wrongdoings. (*Id.* at PageID # 6-7). He also alleged that the City Council Defendants defamed him in an effort to "tar and feather" him and further described their conduct as "malicious and wicked[,]" and part of a "dark malicious scheme to damage" his reputation for honesty and integrity. (*Id.* at PageID # 7-8).

      B.      **The City's Motion for Judgment on the Pleadings**

On May 10, 2022, after the City filed its Answer, the City moved for judgment on the pleadings. (ECF Doc. No. 9). The City argued that: (1) it is entitled to governmental immunity on Plaintiffs' defamation claim because the City is not liable for intentional torts (*id.* at PageID # 143-44); (2) no cause of action exists for a violation of Article I, Section 11 of the Ohio Constitution (*id.* at PageID # 144-45); (3) Plaintiffs' Complaint fails to plead a *Monell* claim and insufficiently

3

states a cause of action under § 1983 (*id.* at PageID # 145-48); and (4) because these claims fail, Plaintiffs' derivative claim for loss of consortium also fails (*id.* at PageID # 148).

## IV. LAW & ANALYSIS

### A. Standard of Review – Motion for Judgment on the Pleadings

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings essentially constitutes a delayed motion under Rule 12(b)(6) and is evaluated under the same standard. *See, e.g.*, *Holland v. FCA US LLC*, 656 F. Appx. 232, 236 (6th Cir. 2016). In other words, judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law. *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021). In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland*, 656 F. Appx. at 236-37 (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

On a motion under Rule 12(c), courts "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167, L.Ed.2d 929 (2007)." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017)). Only "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief" and "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" will survive. *Id.* (quotation and citation omitted). Conversely, "[m]ere labels and conclusions are not enough[.]" *Engler*, 862 F.3d at 575. Nor are facts that are "merely consistent with" liability. *Bates*, 958 F.3d at 480 (quotation omitted).

B.   **Plaintiffs' First Cause of Action: Defamation**

1.   *Sovereign Immunity Under Ohio Revised Code Chapter 2744*

The City asserts that it is entitled to judgment on the pleadings on Petty's defamation claim because it is immune for liability under Ohio Revised Code Chapter 2744. Ohio Revised Code Chapter 2744 governs sovereign immunity with respect to political subdivisions. A "[p]olitical subdivision" "means a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of a state." Ohio Rev. Code § 2744.01(F).

Chapter 2744 requires a three-tiered analysis when determining whether sovereign immunity applies to a political subdivision. *Greene Cnty. Agric. Soc'y v. Liming*, 89 Ohio St.3d 551, 556, 733 N.E.2d 1141, 1146 (2000). First, § 2744.02(A)(1) sets out the general rule:

> Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

Ohio Rev. Code § 2744.02(A)(1).

Second, Division B enumerates five exceptions that preclude immunity for political subdivisions. These exceptions include, in general terms:

> (1) the negligent operation of a motor vehicle; (2) the negligent performance of proprietary functions; (3) the negligent failure to maintain public roads; (4) negligence on the grounds of a public building; and (5) liability that is expressly imposed by statute. R.C. 2744.02(B)(1)-(5).

*Spears v. Akron Police Dep't*, No. 24847, 2010 WL 625822, at *3 (9th Dist. Ohio Feb. 24, 2010) (quoting *Watson v. Akron*, No. 24077, 2008 WL 4409530, at * 3 (9th Dist. Ohio Sept. 30, 2008). If the Court finds that one of the exceptions applies, it proceeds to the third tier of the analysis – determining whether any of the defenses in § 2744.03 apply. *Greene*, 733 N.E.2d at 1146. If none of those exceptions apply, the political subdivision is immune from suit. Significantly, well-

5

established Ohio caselaw makes clear that political subdivisions are immune from intentional tort claims, including claims for defamation. *Lohr v. Kiefer-Erb*, No. 2:19-CV-3755, 2022 WL 3356522, at *13 (S.D. Ohio Aug. 15, 2022) (quoting *Harris v. Sutton*, 183 Ohio App. 3d 616, 622, 918 N.E.2d 181, 186 (8th Dist. 2009)) ("Ohio courts consistently have held that political subdivisions are immune from intentional tort claims."); *see, e.g.*, *Vaughn v. Lake Metro. Hous. Auth.*, No. 2009-L-153, 2010 WL 3081473, at * 7 (11th Dist. Ohio Aug. 6, 2010) (regarding claims for defamation); *Schwartz v. City of Conneaut, Ohio*, No. 1:09 CV 1222, 2009 WL 4730594, at *7 (N.D. Ohio Dec. 8, 2009) (same).

### 2. Analysis

The City asserts that it is immune from liability because: (1) Plaintiffs have asserted that it engaged in malicious and/or purposeful/intentional conduct; (2) Plaintiffs' Complaint fails to identify an applicable exception under § 2744.02(B)(1)-(5); and (3) even if it did, none of those exceptions apply (ECF Doc. No. 9-1, PageID #144). In response, Plaintiffs argue that: (1) their claim is based upon constitutional violations, which in an exception to sovereign immunity under § 2744.09(E); and (2) municipalities do not enjoy immunity from suit. (ECF Doc. 11, PageID # 162).

Despite Plaintiffs' argument to the contrary, the City is a political subdivision for purposes of Ohio Revised Code § 2744.01(F). *See Wolford v. Sanchez*, No. 05CA008674, 2005 WL 3556681, at * 6 (9th Dist. Ohio Dec. 30, 2005) ("It is undisputed that the City of Lorain is a political subdivision[.]"). While Petty attempts to classify his defamation claim as a constitutional violation, defamation – without further injury – does not constitute a remediable constitutional claim. *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) ("Absent a further injury, such as loss of a government job or loss of a legal right or status, defamation, by itself, does not constitute a remediable constitutional claim."); *compare Woods v.*

6

*LaGrange*, No. 3:05CV7060, 2006 WL 456498, at *2 (N.D. Ohio Feb. 23, 2006) (quoting *Mertik v. Blalock,* 983 F.2d 1353, 1363 (6th Cir.1993)) (explaining that "a plaintiff must demonstrate that he lost a 'governmental right, benefit or entitlement,' at the same time the defamation occurred."). Plaintiffs' Complaint vaguely asserts that the City Council Defendants' defamatory conduct deprived Petty of his First Amendment rights. (ECF Doc. No. 1-1, PageID # 8). Yet "[v]ague assertions of constitutional rights violations are not enough to circumvent the purpose of the R.C. 2744.02 tort immunity provisions." *Pruce v. Sleasman*, No. 11CA010088, 2012 WL 1970445, at *4 (9th Dist. Ohio June 4, 2012) (quoting *Poinar v. Richfield Twp.*, Nos. 20383 & 20384, 2001 WL 951710, *4 (9th Dist. Ohio Aug. 22, 2001). Moreover, Plaintiffs' defamation claim is directed toward the City Council Defendants, and nowhere in the Complaint is there a specific reference to the City. *See Russell v. Witham*, No. 1:07 CV 2890, 2007 WL 4561609, at *4 (N.D. Ohio Dec. 21, 2007). Having reviewed Plaintiffs' Complaint, I conclude that the City is entitled to judgment on the pleadings with respect to Plaintiffs' defamation claim.

    **C.    Plaintiffs' Second Cause of Action: Violations of the United States and Ohio Constitutions**

        *1.    Article I, Section 11 of the Ohio Constitution*

The City asserts that it is entitled to judgment on the pleading on Plaintiffs' claim under Article I, Section 11 of the Ohio Constitution because no cause of action exists for an alleged violation of that Section. Article I, Section 11 of the Ohio Constitution provides that:

> Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press.

Ohio Const. Art. I, § 11. The Sixth Circuit has explained that "Ohio does not recognize a private cause of action to enforce the free-speech rights enumerated in Article I, Section 11 of the Ohio Constitution[,]" and a district court does not err by dismissing a claim on that basis. *Hagedorn v. Cattani*, 715 F. Appx. 499, 509 (6th Cir. 2017).

7

  2. *Analysis*

In light of the Sixth Circuit caselaw set forth above, the City is entitled to judgment on the pleadings on Plaintiffs' claim under Article I, Section 11 of the Ohio Constitution. *Hagedorn*, 715 F. Appx. at 509. In reaching this conclusion, I note that – while the City asserts that it is entitled to judgment on the pleadings with respect to "*all* claims filed by Plaintiffs," (ECF Doc. No. 9, PageID # 140) (emphasis added) the City has not set forth *an*y argument regarding Plaintiffs' claim for: (1) an alleged violation of Petty's right to free speech under the First Amendment to the United States Constitution; or (2) an alleged violation of his right to assembly under Article I, Section 3 of the Ohio Constitution. The City, therefore, has waived and/or forfeited those arguments for purposes of its motion for judgment on the pleadings. *See Boggs v. City of Cleveland*, No. 1:08-CV-02153-JDG, 2020 WL 1640390, at *6 (N.D. Ohio Apr. 2, 2020) (noting that undeveloped arguments are waived); *Jackson v. City of Cleveland*, No. 1:21-CV-1679, 2022 WL 3458570, at *6 (N.D. Ohio Aug. 18, 2022) ("[T]he City's failure to develop a specific argument . . . merits no further response from the Court.").

  D. **Plaintiffs' Third Cause of Action: Violation of 42 U.S.C. § 1983**

   1. *42 U.S.C. § 1983 Monell Claim*

The City argues that Plaintiffs' Complaint fails to properly plead a *Monell* claim against it, and insufficiently states a cause of action under § 1983. (ECF Doc. No. 9-1, PageID #147). Section 1983 creates a federal cause of action against "any person" who deprives another of a federal constitutional right while acting under color of state law. 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). A city can be a "person" for purposes of the statute. *Monell*, 436 U.S. at 692.

A city or municipality may only be held liable for the constitutional violations of its employees under 42 U.S.C. § 1983 if those actions are the result of a practice, policy, or custom

of the municipality itself. *Monell*, 436 U.S. at 692. There are four types of municipal action that, if they cause the underlying constitutional violation, can establish liability under a *Monell* claim: (1) legislative enactments or official policy; (2) actions by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of rights violations. *France v. Lucas*, No. 1:07CV3519, 2012 WL 5207555, at *12 (N.D. Ohio Oct. 22, 2012), aff'd, 836 F.3d 612 (6th Cir. 2016).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To satisfy the *Monell* requirements, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987)). As the Sixth Circuit explained, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the 'moving force' behind the injury alleged.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 389 (6th Cir. 2014) (quoting *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013)) (citation omitted).

 2. *Analysis*

The City argues that: (1) Plaintiffs' Complaint does not identify a City policy or custom that caused the alleged injuries; (2) Plaintiffs' Complaint does not identify any deliberate conduct by the City directed toward Plaintiffs; and (3) the City Council Defendants do not comprise the City's entire legislative body, which is fatal to Plaintiffs' claims. (ECF Doc. No. 9-1, PageID # 147-48).

In response, Plaintiffs argue that the City had an "'official municipal policy' of intimidation and retaliation" against Petty. (ECF Doc No. 11, PageID # 169). In this regard,

9

Plaintiffs argue that the City ratified and adopted the behavior the City Council Defendants, including their defamatory conduct and violations of Petty's constitutional rights. (*Id.* at PageID # 160-61).

As the City correctly contends, Plaintiffs' Complaint does not identify a policy or custom that caused Petty's alleged injuries. (ECF Doc. No. 1-1, PageID # 11-12). Instead, Plaintiffs' Complaint relies upon conclusory allegations that the City violated §1983. *See id.*; *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Conclusory allegations, however, are insufficient to support a plausible *Monell* claim under §1983. *See Eslinger v. City of Kent*, No. 5:18-CV-2442, 2019 WL 2250060, at *2 (N.D. Ohio May 24, 2019) (citing *Anthony v. Roberson*, 26 F. Appx. 419, 422 (6th Cir. 2001)) ("[P]urely conclusory allegations, unsupported by further alleged facts, are insufficient to support a plausible *Monell* claim under § 1983."). As a result, the City is entitled to judgment on Plaintiffs' § 1983 claim. *Id.*

  E. **Plaintiffs' Fourth Cause of Action: Loss of Consortium**

The City argues that, because it is entitled to judgment in its favor on Plaintiffs' other claims, Plaintiffs' loss-of-consortium claim – which is derivative of their other claims – must be dismissed. To the extent Plaintiffs' loss-of-consortium claim relates to their defamation claim and their claim for a violation of Petty's right to free speech under Article 1, Section 11 of the Ohio Constitution, their derivative loss-of-consortium claim is dismissed. *See Ganz v. Pappas Restaurants, Inc.*, No. 1:19-CV-235, 2020 WL 3050766, at *4 (S.D. Ohio June 8, 2020) (citing *Monak v. Ford Motor Co.*, 95 Fed. Appx. 758, 768 (6th Cir. 2004); *Bowen v. Kil-Kare, Inc.*, 63 Ohio St. 3d 84, 92, 585 N.E.2d 384, 392 (1992)) ("Both the Sixth Circuit and the Supreme Court of Ohio have held that when a claim for loss of consortium is a derivative action, it cannot exist absent the primary claim.").

The only remaining claims are those for which the City did not specifically move for judgment on the pleadings, *i.e.*, Plaintiffs' claims regarding the alleged violations of Petty's First Amendment right to free speech, and his right to assembly under Article I, Section 3 of the Ohio Constitution. Because the City has not argued that it is entitled to judgment on the pleadings on those claims, nor has it otherwise explained why the Court should dismiss Plaintiffs' derivative loss-of-consortium claim(s), the City is not entitled to judgment on the pleadings in that regard.

### F. Plaintiffs' Motion for Partial Summary Judgment & The City Council Defendants' Motions to Strike

Plaintiffs filed their Motion for Partial Summary Judgment on April 19, 2022, which was prior to the parties planning meeting under Fed. R. Civ. P. 26(f) and Local Rule 16.3(b). (*See* ECF Doc. No. 6). The planning meeting occurred on May 18, 2022, and the parties agreed to certain discovery deadlines, as well as a dispositive motion date of January 20, 2023. (ECF Doc No. 14, PageID # 193-94). The Court docketed a Report of Parties' Planning Meeting on May 25, 2022. (*Id.*)

In light of the impending discovery and dispositive-motion deadlines, as well as the Court's Notice of Case Management Conference indicating that "Unscheduled Motions for Summary Judgment may not be filed unless leave of Court has been sought and granted" (ECF Doc. No. 8, PageID # 129), the City Council Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment is granted, and Plaintiffs' Motion for Partial Summary Judgment is stricken from the record. Plaintiffs may re-file their Motion for Partial Summary Judgment according to the Report of Parties' Planning Meeting (ECF Doc. No. 14). Consequently, the City Council Defendants' Motion to Strike from the Record Protected Attorney-Client Privileged Communications is denied as moot.

### V. CONCLUSION

Based on the foregoing: (1) Plaintiffs' Motion for Partial Summary Judgment is

STRICKEN from the record; (2) the City's Motion for Judgment on the Pleadings is GRANTED; (3) the City Council Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment is GRANTED; and (4) the City Council Defendants' Motion to Strike from the Record Protected Attorney-Client Privileged Communications is DENIED as moot. The only claims that remain pending against the City are those for which the City did not specifically address in its Motion for Judgement on the Pleadings, *i.e.*, Plaintiffs' claim for an alleged violation of Petty's right to free speech under the First Amendment to the United States Constitution, and his right to assembly under Article I, Section 3 of the Ohio Constitution, as well as any derivative loss-of-consortium claims.

**IT IS SO ORDERED.**

Dated: 10/4/2022

s/Jennifer Dowdell Armstrong
Jennifer Dowdell Armstrong
U.S. Magistrate Judge